## FEDERAL LAND BANK OF LOUISVILLE v. STRAWN.

### SAME v. DUGGER et al.
### Nos. 7740, 7741.

Circuit Court of Appeals, Sixth Circuit.
March 17, 1939.

R. D. Branigin, J. F. Williamson, and John S. Grimes, all of Louisville, Ky., and Jesse Jones, of Pulaski, Tenn., for appellant.

J. Clark Taylor, Jr., of Columbia, Tenn., for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

These two farmer-debtor cases were heard together on appeal. While they present superficial differences, in each the essential question is the same. In each case, following an offer of composition made under Section 75 of the Bankruptcy Act, 11 U.S.C. § 203(a)–(r), 11 U.S.C.A. § 203 (a–r), and rejected, the debtor filed a petition praying to be adjudicated bankrupt under Section 75(s), 11 U.S.C. § 203(s), 11 U.S.C.A. § 203(s). In No. 7740 the District Court entered an order of adjudication and referred the case to the Conciliation Commissioner. In No. 7741 no order of adjudication was entered, but the court referred the case to the Conciliation Commissioner. Shortly after the orders of reference, appellant as creditor filed motions to dismiss the proceedings, which motions were overruled by the District Court.

The orders of the District Court must be affirmed. The proceeding in each case was in its preliminary stages under subsection (s). While the benefits of subsection (s) were prayed for in each petition, no steps had been taken further than the reference, and the court had ordered no rental payment. The mere fact that the debtors filed under subsection (s) does not vitiate the petition (Cf. Loeb Apartments, Inc., v. Malwitz, 7 Cir., 89 F.2d 461, 463), and the proceedings under subsection (s)

678

had hardly progressed beyond the filing of the petition.

 The motions alleged in substance among other things that no bona fide offer of composition or extension had been made, and that there was no reasonable possibility of rehabilitation within three years. The orders overruling the motions were general, reciting that the motions were not well taken. Since the orders are not more specific, we must assume that the court at this preliminary stage· declined to find that the offers were not made in good faith, and that rehabilitation might not be possible, and that the orders in effect constituted a ruling that the motions were, in the judgment of the court, premature. The usual presumption obtains that the orders 'were justified. Cf. Bank of Eureka v. Partington, 9 Cir., 91 F.2d 587.

 Neither of the debtors had failed to comply with the orders of the court, as none had been made. They had, so far as lay within their power, complied with the provisions of and invoked the protection of the statute. . Paragraph (3) of subsection (s) did not therefore require dismissal.[1] The denial of the motions to dismiss was within the sound discretion of the court. Orders of the court in bankruptcy proceedings at this preliminary· stage are generally held to be discretionary. Cf. In re Prudence Co., Inc., 2 Cir., 98 F.2d 559; In re Eastern Utilities Investing Corp., 3 Cir., 98 F.2d 620; McAdoo & Neblett v. F. P. Newport Corp., Ltd., 9 Cir., 93 F.2d 630. This is peculiarly true in proceedings under subsection (s), a statute enacted with the deliberate purpose of giving the court broad powers in order to protect all parties (Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 461 et seq., 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455), and in the case of orders· such as these, which simply retain the proceedings for the purpose of working out controverted questions in accordance with subsection (s). Cf. R. L. Witters Associates, Inc., v. Ebsary Gypsum Co., Inc., 5 Cir., 93 F.2d 746, 748. We conclude 'that no abuse of discretion is shown.

The orders of the District ·Court are affirmed.

---

[1] Subsection (s), par. (3) " * * * If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this title."