**In re MOON.**
**MOON v. UNION CENT. LIFE INS. CO.**
**et al.**

No. 6969.

Circuit Court of Appeals, Seventh Circuit.

Nov. 9, 1939.

Rehearing Denied Dec. 8, 1939.

Samuel E. Cook, of Huntington, Ind., for appellant.

Elmore D. Sturgis, of Bluffton, Ind. (Arthur S. Lytton, of Chicago, Ill., of counsel), for appellees William Preece, Mollie McIntire, and Carl B. Keel.

Arthur S. Lytton and Olaf A. Olson, both of Chicago, Ill., and Virgil D. Parish, of Cincinnati, Ohio (Sturgis, Stine & Sturgis, of Bluffton, Ind., of counsel), for appellee Union Cent. Life Ins. Co.

Before MAJOR, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

This appeal involves two parcels of real estate, one consisting of farm land and the other of a business building which is used by the debtor for the operation of a grocery and meat market. The appeal is from the order of the District Court entered January 3, 1939, which overruled debtor's exceptions to a special master's report, and approved, confirmed and adopted the report. The proceeding in which the order of the District Court was made was initiated by debtor's petition to which the secured creditors, appellees herein, filed answers.

### Farm Land.

Foreclosure proceedings in a state court of Indiana had been instituted before the debtor filed his original petition under Section 75 of the Bankruptcy Act, 11 U.S. C.A. § 203; and upon the filing of the petition the debtor obtained an order of the District Court restraining the further prosecution of the foreclosure act.

On December 14, 1936, the District Court, upon motion of the creditor-appellee, Union Central Life Insurance Co., the holder of the mortgage on the farm land, entered an order dissolving the restraining order and expressly authorizing and permitting the creditor to pursue its rights under the foreclosure decree of the state

court. Thereupon the land was sold by the sheriff of Wells County, Indiana, February 13, 1937, and was bid in by this appellee for $6500, subject to the debtor's right to redeem within a year. On February 9, 1938, four days before the expiration of the year of redemption, the debtor filed his petition in this cause asking the District Court to vacate the state court proceeding, to restrain the sheriff from issuing a deed, and to permit the debtor to purchase or redeem the farm property at its then appraised value. The matter was referred to a special master who made an extended report in which he included a finding of material facts and conclusions of law.

Even a cursory examination of the Master's report and of the evidence upon which his report was based discloses either that the debtor has not acted in good faith in his relations to the creditor, or that he has been in such a condition that rehabilitation has been hopeless from the very inception of the proceeding. The debtor purchased the farm land for $300 in March, 1928, the land being subject to an outstanding mortgage held by the creditor-appellee in the amount of $5000. This mortgage was renewed in like amount in May, 1929. The debtor has not repaid any part of the principal and, with the exception of some taxes paid several years ago, his investment in the farm has remained $300. It is undisputed that the debtor has paid no taxes since 1931, with the exception of a small amount received from the condemnation of a strip of the land. No interest on the mortgage and no premiums for the insurance on improvements have been paid since 1934. Buildings and fences have deteriorated greatly. The debtor submitted a statement to the effect that the net return from the farm property in 1935 was $794.70, in 1936, $503.18, and 1937, $539.32. These sums were utilized by the debtor for his living expenses and nothing was applied to taxes, insurance, or to the payment of rental. The debtor testified that he had not paid taxes for 1932, 1933, 1934 and 1935 for the reason that he did not have the money and that the income from the farm was not sufficient to permit such payments, and that the income from the farm had been spent for the family living. In his report the Master found "that since September 28, 1935, the date of his adjudication, the debtor has taken no steps to refinance or rehabilitate himself." The debtor's offer of composition or extension to creditors proposed that the indebtedness be reduced from $6371.40 to the sum of $4000 and that the sum of $4000 carry interest at the rate of 1% per annum and that the time of payment be extended through 30 years, payable in installments and amortized according to the plan of the loans now being made by the Federal Land Bank of Louisville, Kentucky. The foregoing offer was made in March, 1935, and at a time when debtor had been unable to pay taxes during the preceding years 1932 to 1934, the debtor being at that time 66 years of age. At no time has the debtor lived on the farm, and farming operations have been carried on chiefly through a man who lives on the farm, the debtor keeping general charge and at times doing actual farm work.

In view of the foregoing it is clear that the debtor has had a three year moratorium with full enjoyment of the property, and has collected and used for his own benefit all the income of the farm; yet at the end of the period there was no reasonable hope of rehabilitation.

In view of the facts we think the District Court had the power to order the appointment of a trustee and order the property sold under that portion of Paragraph 3 of Subsection (s) which provides that if the debtor at any time "is unable to refinance himself within three years, the court may order the appointment of a trustee, and order such property sold or otherwise disposed of as provided for in this Act [title]." The court, however, granted the petition of the debtor to the extent of ordering a reappraisal of the estate for the purpose of giving the debtor an opportunity to offer to purchase for the amount of the reappraisal. The court further ordered that the creditor be given an opportunity to accept or reject the offer and that if rejected the Conciliation Commissioner should appoint a trustee to liquidate the estate in the manner provided for in Section 75, Subsection (s).

The debtor was not deprived of any right or privilege by the order of the court unless the debtor may pay into court the amount of the reappraisal value and receive, as an unqualified right, a clear and unencumbered title to the property. In respect to this question we have held in Re Elmer Ray Lowman, 107 F.2d 540, decided this day, that the debtor's right to obtain the property free and clear of all encumbrances by paying the appraised value into

court is subject to the right of a secured creditor to require a public sale of the land; the debtor's right then being to redeem the property "by paying the amount for which any such property was sold, together with 5 per centum per annum interest, into court."

The order of the court amply protects all the interests of the debtor; and when the reappraisal is completed the secured creditors may either acquiesce in permitting the debtor to obtain his property by paying the amount of the appraisal into court or ask for a sale.

### City Property.

In respect to this piece of property the real parties in interest, the holders of mortgage bonds, are appellees, William Preece, Mollie McIntire, and Carl A. Keel. The facts are no more favorable to the debtor than in the case of the farm land. The debtor purchased the city property in 1924 for $1 and the assumption of a mortgage for $2190. In December, 1929, the old mortgage debt was refinanced by a new loan in the total sum of $2500. Preece, McIntire and Keel became the owners of these bonds and have continued to hold their respective interests throughout the proceedings. Nothing has been paid on the principal. Appellant defaulted in interest payments from and after December, 1932, and the taxes have been delinquent since 1934. Suit to foreclose the mortgage was filed in May, 1935. On July 1, 1935, the debtor filed his composition and extension proposal by the terms of which he offered to pay 80% of the principal sum in installments during a period of 30 years with interest at 1% per annum. On September 24, 1934, appellant filed his amended petition under Subsection (s) of Section 75 of the Bankruptcy Act as amended, and asked to be adjudged bankrupt. On petition of creditors the Conciliation Commissioner authorized the foreclosure of the mortgage in the state court on July 6, 1936. No appeal from this order was taken by the debtor who was represented in the proceeding by counsel. On November 7, 1936, judgment of foreclosure was entered by the Adams Circuit Court in the sum of $4043.96 and the building in question was ordered sold. The building was sold at sheriff's sale February 13, 1937, and bid in by the mortgage creditors for $3500. There was no redemption from the sheriff's sale. On February 1, 1936, the building was offered for sale for delinquent taxes for the years 1932 and 1933 and was purchased by the mortgage creditors for the amount of the taxes, $234.58. There was no effort to redeem from this tax sale.

The debtor has been using the building for the operation of a grocery and meat market and his financial statement shows a net loss of $76.51, $587.07, and $140.15 for the years 1935, 1936 and 1937 respectively. This net loss was computed without taking into account expenses for taxes, insurance, and rent, none of which was paid by the debtor. The Master's report found that the debtor had taken no steps to refinance or rehabilitate himself since the date of his adjudication. The evidence introduced at the hearing before the Special Master showed that in addition to taxes paid by the appellees as a result of the tax sale, the sum of $363.32 was delinquent and that there were additional taxes due for the year 1938 of $130.08.

The Special Master concluded that in view of the fact that the debtor had been operating his grocery and meat market at a loss for the preceding three years and that the items of rent, taxes and insurance had not been included in this loss, the property was a "mill stone around the debtor's neck" and was a hindrance "to his rehabilitation instead of an asset." The Master recommended that the property be "abandoned to the holders of the Sheriff's certificate of sale, William Preece, Carl B. Keel, Mollie McIntire."

The District Court followed the recommendation and ordered abandonment of the property instead of providing for a sale as was done in the case of the farm property. The court's order did not direct abandonment to the holders of the sheriff's certificate. The last sentence of Subsection (s) (3) provides that "If * * * the debtor at any time fails to comply with the provisions of this section * * * or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this Act [title]." The evidence clearly discloses that the debtor was unable to refinance himself within three years and the foregoing language clearly authorized the court to order the property sold or otherwise disposed of as provided for in the act. The debtor does not contend here that he has a right to a sale as an alternative to abandonment. His con-

tention here is that he has an absolute right to obtain the property at its present value to the exclusion of any other disposition. He did not ask below, and does not ask here, for a modification of the order appealed from so as to allow sale pursuant to the last sentence of Subsection (s) (3). His prayer here is that the District Court "be directed to grant his petition to redeem the property at its present value and discharge him as to the balance of the debt." Under the facts the District Court was authorized by the language of Subsection (s) (3) to order the property disposed of for the benefit of creditors and petitioner did not have a right to redeem the property at its appraised value, except upon the conditions set out in (s) (3). Since the question of any error in a failure to order a sale is neither suggested nor argued, and since no showing of prejudice is made as between disposition by abandonment and disposition by sale by trustee, we are of the opinion that the order should not be disturbed.

The order of the District Court is affirmed.