## FEDERAL LAND BANK OF SPRINGFIELD v. HANSEN.

### No. 175.

Circuit Court of Appeals, Second Circuit.

Jan. 15, 1940.

A. Lindsay O'Connor, of Hobart, N. Y. (Robert D. Jones, of Springfield, Mass., of counsel) for appellant.

No appearance for appellee.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The question is whether the petition of a farmer seeking relief under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, should have been dismissed by the district court on motion of a mortgagee, on the ground that the proceeding was not brought in good faith and could not bring about the financial rehabilitation of the farmer. The district judge denied the motion to dismiss.

The debtor, Marie P. Hansen, on May 9, 1938, filed a petition under section 75, representing that she was a farmer and desired to make a composition or extension agreement with her creditors. Her schedules showed that she owned a farm valued by her at $7,500, and live stock and implements valued at $2,700. She listed as creditors Federal Land Bank, holding a mortgage of $4,500 on the farm, chattel mortgagees with claims of $2,200, and unsecured creditors with claims of $1,000. The case was referred to a conciliation commissioner. The debtor then submitted an extension proposal, and a creditors' meeting was held. The conciliation commissioner reported to the court that the proposal had been accepted by the requisite majority of creditors, and recommended confirmation. From other papers in the record, however, it is plain that in fact the proposal was not accepted by the majority of creditors. The debtor on October 19, 1938 amended her petition, as permitted under subsection (s), and asked to be adjudicated bankrupt, stating that she had failed to obtain the acceptance of a majority in number and amount of her creditors. She was accordingly adjudicated bankrupt under subsection (s), and the case was sent to the conciliation commissioner as referee in bankruptcy. Appraisers appointed by the referee appraised the farm at $4,000. The referee called a meeting on January 6, 1939 and made an order that the debtor remain in possession, on condition that she pay $480 a year as rent, the first semi-annual payment to be made six months later; the order also directed that all proceedings against the debtor or her property be stayed for three years or until further order.

On January 27, 1939 Federal Land Bank moved before the district judge to dismiss the proceeding. The grounds were that the debtor had not filed her petition in good faith and that continuance of the proceeding could not result in the debtor's rehabilitation. In the supporting affidavits it was set forth that the debtor did not live on the farm and had received less than

$150 from it in the last eight months of 1938, that at the creditor's meetings she had refused to answer questions concerning her plan for operating the farm in the future and had been sustained in such refusal by the referee. No opposing affidavits were submitted. The referee, however, put in a further report on the case, and it may be that this report was before the court when it heard the motion. The district judge denied the motion.

The record reveals errors and irregularities on the part of the conciliation commissioner-referee. His reports were contradictory of one another. He was slow in reporting to the court, and there is undue confusion in the record. He should certainly have seen to it that the debtor furnished creditors with information when they put proper questions to her at creditors' meetings, instead of supporting her in her secretiveness. The offices which he occupied were positions of responsibility, and he should have taken pains to conduct the proceedings in a fair and orderly manner. But we are of opinion that the district judge was right in denying the motion to dismiss the proceeding.

The view has been taken that a farmer's petition under section 75 and his amended petition under subsection (s) should be dismissed and the proceeding halted where the farmer's offer of composition or extension was not made in expectation that his creditors would accept it or where there is no reasonable chance of rehabilitation. Cowherd v. Phoenix Joint Stock Land Bank, 8 Cir., 99 F.2d 225; In re Henderson, 5 Cir., 100 F.2d 820; Wilson v. Alliance Life Ins. Co., 5 Cir., 102 F.2d 365; Sullivan v. Tofflemoyer, 10 Cir., 104 F.2d 835. The appellant relies on these and similar cases. They have been overruled, we take it, by John Hancock Mutual Life Ins. Co. v. Bartels, 60 S.Ct. 221, 84 L.Ed. ——, decided by the Supreme Court December 4, 1939. There the district court on motion of a mortgagee had dismissed a debtor's proceeding under section 75 and had vacated an adjudication under subsection (s), on the ground that the debtor had not made a proposal which could be construed as an offer in good faith for extension or composition, and on the further ground that there was no reasonable probability of financial rehabilitation. The dismissal was held erroneous. The Supreme Court went over the procedure called for by the various subsections of section 75 and pointed out that there was no provision for dismissal because of inadequacy of the debtor's proposal or because of lack of reasonable probability of rehabilitation. The conclusion was that the district court, instead of halting the proceeding at the outset, should have followed the procedure outlined in the statute and should have continued the administration of the estate.

The points raised by the appellant on its motion to dismiss the proceeding were in substance the same as those discussed in the Bartels case. They furnished no basis for dismissal of the proceeding. The order of the district judge denying the motion to dismiss the proceeding will accordingly be affirmed.