In re MILLER.

MILLER v. HATFIELD et al.

No. 8059.

Circuit Court of Appeals, Sixth Circuit.
April 11, 1940.

Elmer McClain, of Lima, Ohio, and Walter G. Rusher, of Columbus Grove, Ohio, for appellant.

C. W. Fawcett and E. F. Weiser, both of Ottawa, Ohio, Kent W. Hughes, of Lima, Ohio, and Geer, Lane & Downing, of Toledo, Ohio, for appellees.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

The above appeal was dismissed pursuant to per curiam opinion, 6 Cir., 101 F.2d 748, because of the absence of Clayton C. Wehrly, a necessary party. The Supreme Court on January 15, 1940, reversed. 60 S.Ct. 374, 84 L.Ed. ——. Wehrly having entered his appearance, the cause is resubmitted.

The appeal is from a decree of the District Court ordering a sale of the bankrupt's farm under Section 75, sub. s(3) of the Bankruptcy Act, 49 Stat. 942–945, 11 U.S.C.A. § 203, sub. s(3).

On November 7, 1934, Henry J. Miller, appellant as a farm debtor, filed a petition under Section 75 of the Bankruptcy Act, 47 Stat. 1470, 11 U.S.C.A. § 203. His offer of composition and extension was rejected and on September 24, 1935, on his amended petition he was permitted to proceed under sub. s of the Act as amended and on December 16, 1935, filed in the proceeding a petition to retain possession of his farm. On January 28, 1936, after a hearing before the Conciliation Commissioner, the bankrupt was allowed to continue possession of the property conditioned on his paying as rent $4 per acre on the 79 acres for the crop year commencing March 1, 1935, said sum being due and payable April 1, 1936, and the sum of $6 an acre for the crop year commencing March 1, 1936, one-half of said amount being due and payable September 1, 1936, the other half March 1, 1937.

The order also provided that all property covered by chattel mortgage should be surrendered to the mortgagee; that the bankrupt should make all ordinary repairs on the premises and that all tillable land should be cultivated in a husbandmanlike manner, all straw to remain on the premises, and that no wheat was to be sown in the fall of 1936.

The rent paid to the trustee was to be used for taxes, costs and upkeep on the property, any balance to be distributed

among secured and unsecured creditors. The bankrupt complied with the order without objection and paid rent accordingly.

On October 3, 1936, he filed his petition before the Conciliation Commissioner asking that rent be fixed for the crop year 1937 and on January 22, 1937, the Commissioner entered an order providing that the bankrupt should pay rent of $500 for the period commencing March 1, 1937, and ending March 1, 1938, $250 to be paid on or before September 1, 1937, and $250 on or before March 1, 1938, the proceeds to be used as in the previous year. It was further provided in the order that the bankrupt should bear the expense of all ordinary repairs.

On March 12, 1937, the bankrupt petitioned the Conciliation Commissioner for an order directing the trustee to pay out of the rent a sum estimated at $100 to repair the roof on a small barn and granary on the premises and to place a strip of tin on the comb of the house and around its chimney because of leakage. The Conciliation Commissioner's record is silent as to the disposition of this petition.

On September 11, 1937, John A. Schutz and F. C. Marshall, trustees for a second mortgagee of the bankrupt, filed a petition with the Conciliation Commissioner asking for an order directing the liquidation of the estate because the bankrupt had offered to pay the installment of rent due September 1, 1937, in cash of $107.50 and had tendered for the balance an alleged account of $142.-50 against the estate for repairs made by him, authority for which he had petitioned the Commissioner on March 7, 1937.

This sum was expended for necessary repairs on the buildings at the lowest possible cost and money therefor was from the sale of wheat grown on the farm which was stored in the leaking granary and damaging.

On September 27, 1937, the Commissioner, after a hearing with all parties present, rejected the bankrupt's account for repairs as a credit on rent and directed him to pay to the trustee within thirty days the balance due. On November 8, 1937, because of the failure of the bankrupt to pay this balance, the Conciliation Commissioner, without further notice, ordered a liquidation of the estate and appointed L. Shirl Hatfield liquidating trustee who, on November 22, 1937, filed with the Conciliation Commissioner a petition for authority to sell the real estate of the bankrupt free of liens to which the bankrupt filed an answer denying default in the payment of rent because he was entitled to a credit for the sums expended by him in necessary repairs to buildings on the premises.

The trustee moved to strike the answer because the bankrupt had failed to comply with the previous orders of the Conciliation Commissioner and filed no petition for review of any of them. This motion was sustained January 18, 1938, and the property ordered sold free of liens at private sale by public bidding in the manner prescribed by the Acts of Congress relating to bankruptcy and the general orders in bankruptcy of the United States Supreme Court. On January 28, 1938, the bankrupt filed a petition for review of this order and in connection therewith asked the court to set aside all previous orders of the Conciliation Commissioner adjudging a default in the payment of rent and ordering liquidation of the estate. On February 14, 1938, the District Court denied the petition for review on the ground it had no jurisdiction because the bankrupt had failed to comply with Bankruptcy Rule 15(a) of the District Court requiring petitions for review to be filed with the referee within ten days after the entry of the order and had not petitioned the court to review the order of the Commissioner of September 27, 1937.

The property was appraised at $8,000 and the trustee advertised its sale in two newspapers of general circulation in the county of its location beginning January 20, 1938, once a week for four weeks and it was sold on February 19, 1938, at private sale for $7,300 cash, and confirmed by the Conciliation Commissioner on March 8, 1938. On March 14, 1938, $5,988.50 of the proceeds were distributed to The Northwestern Mutual Life Insurance Company in full payment of its first mortgage debt and $1,-037.48 to the First National Bank of Pandora, Ohio, on a second mortgage of $1,800, of which bank L. Shirl Hatfield, trustee of the bankrupt, and Clayton C. Wehrly, purchaser of the property, were trustees.

The trustee was directed to convey the property by deed to the purchaser who was subrogated to the rights of all lienholders and a writ of possession was awarded to him but not executed.

On February 17, 1938, the bankrupt filed a petition for rehearing in the District Court requesting it to vacate its order entered February 14, 1938, denying the petition for review, which petition was a re-

iteration of the same issues before the court on the original one except the bankrupt alleged he was advised by his counsel that a petition to review the order of the Conciliation Commissioner of September 27, 1937, had been timely filed and that the Commissioner had ordered the trustee to make the necessary repairs on the property which was not done because of the absence from the state and illness of said trustee who had since died and whose successor was a trustee of the bank in liquidation to which the bankrupt owed a second mortgage on his real estate, for which reason he was disqualified. He asked that he be allowed to introduce additional evidence showing that the Commissioner authorized him to make the repairs for which he claimed a rent credit.

He further alleged that the trustee advertised the property for sale on January 20, 1938, twenty-five days before the court denied the petition for review and fifty days before said order could become effective. He prayed the court that it restrain the trustee from making a sale of the property until so ordered. On March 17, 1938, the lower court denied the petition for rehearing and refused to set aside or enjoin the sale of the property.

On April 15, 1938, the appeal of the bankrupt was allowed by this court and in the order it was provided: "It is further ordered that the motion of the appellant to continue the stay granted by the District Court be and the same is granted until the further order of this Court." The order to stay, if any, issued by the District Court is not in the record.

On February 26, 1938, the bankrupt tendered to the Conciliation Commissioner and Hatfield, trustee, $250 rent due March 1, 1938, which was refused. The bankrupt has continued in possession of the property.

Under Section 75, sub. b, of the Act, 47 Stat. 1471, 11 U.S.C.A. § 203, sub. b, "the Supreme Court is authorized to make such general orders as it may find necessary properly to govern the administration of the office of conciliation commissioner and proceedings under this section; but any district court of the United States may, for good cause shown and in the interest of justice, permit any such general order to be waived."

■ Under the court's General Order L, a Conciliation Commissioner has the same powers and duties as a referee in bankruptcy, except where there is conflict with the provisions of the act or this order.

General Orders in Bankruptcy, 27, 11 U.S.C.A. following Section 53, provide that the review of an order of the referee by the judge shall be made by filing with the referee a petition setting out the error complained of, whereupon the proceeding shall be certified to the judge. Rule 15(a) of the District Court expressly provides that petitions for review of orders made by the referee shall be filed within ten days of the entry of the order to be reviewed.

■ The Supreme Court's general order and the local rule have the force of law. In re L. R. Wister & Co., 3 Cir., 237 F. 793; International Agr. Corporation v. Cary, 6 Cir., 240 F. 101.

Under Section 39(c) of the Bankruptcy Act as amended by the Act of June 22, 1938, c. 575, Sec. 1, 52 Stat. 858, 11 U.S.C.A. 67 sub. c, "a person aggrieved by an order of a referee may, within ten days after the entry thereof or may within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order."

Before the enactment of the above statute in districts where local rules of court prescribed a definite period for the filing of petitions for review or thereafter by leave of court where proper cause therefor was shown, the courts entertained petitions for review which had not been filed until after the expiration of the arbitrary period. Roberts' Auto & Radio Supply Company v. Dattle, 3 Cir., 44 F.2d 159.

In the case at bar, the Conciliation Commissioner struck the bankrupt's objections on the sole ground that he had failed to file a petition for review of the orders of September 27 and November 8, 1937. The first order rejected the petition for credit on the rent and accorded him thirty days within which to pay the balance of $142.50 with a proviso that on default, liquidation would be ordered. On November 8, 1937, before the thirty days had expired, the Conciliation Commissioner entered a provisional order directing the trustee to proceed to liquidate or otherwise dispose of the property of the estate under further orders of the court. The order of sale was not entered until January 18, 1938, and from that order the bankrupt filed a timely petition for review.

■ The question for decision is whether the orders of September 27 and Novem-

ber 8, 1937, are of such finality as to prohibit the Conciliation Commissioner from granting a rehearing. There is some conflict of opinion in regard to the power of a referee in bankruptcy over his own orders, but we believe the correct rule as applied to farmer-debtor proceedings is that the Conciliation Commissioner has the same power to vacate his order as has a court during the term and as the bankruptcy court has no term, the Conciliation Commissioner has the power to vacate any order entered during the course of the proceedings unless rights have intervened which it would be inequitable to disturb. Re Pottasch Brothers Company, 2 Cir., 79 F.2d 613, 101 A.L.R. 1182.

This conclusion is not in conflict with International Agr. Corp. v. Cary, supra, in which case the order involved had been entered by a predecessor referee, the estate closed and no action taken to vacate it until two years had expired.

■■ Appellant's objection to the order of sale was substantially a petition for rehearing on the two provisional orders and in our opinion, no intervening rights appearing and diligence being shown, the Conciliation Commissioner, upon the application, was authorized to and should have granted a rehearing on the merits. The two orders which appellee insists were of such finality as to start the period of limitation for filing petition for review were preliminary to the order of sale and were so closely intertwined with it as to justify the conclusion that there was but one final order which was the one of sale of January 18, 1938, and the time for filing the petition for review to the Judge ran from the date of its entry. Wayne United Gas Co. v. Owens-Illinois Glass Co., et al., 300 U.S. 131, 138, 57 S.Ct. 382, 81 L.Ed. 557; In re Jayrose Millinery Co., 2 Cir., 93 F.2d 471.

■ Bankruptcy procedure on the whole is void of legal technicalities and flexible to accomplish its purpose of administering substantial justice. In ordinary bankruptcy, it is important that the estate should be administered promptly to the end that the debtor's property should be distributed to his creditors and the bankrupt discharged. Section 75, sub. s, presupposed the farmer would continue his business and in the very nature of such proceedings, it is essential, in carrying out the purpose of the act, that wide latitude be given to the Conciliation Commissioner to revise and review orders entered in the course of the proceedings relating to the business of the bankrupt with due regard to the rights of vested interests.

■ It follows from this that the lower court had jurisdiction to review the orders of the Conciliation Commissioner and erred in not considering the petition on its merits.

■■ Subsection s of the Act provides that the rental shall be paid into court to be used first for the payment of taxes and upkeep of the property. The appellant made timely application and proper disclosure of facts to the Conciliation Commissioner for an expenditure for necessary repairs to the property to preserve the estate and to protect its income. It was the duty of the Conciliation Commissioner to act promptly on this petition in which he failed, and his derelictions should not be imputed to the debtor. The uncontradicted evidence shows the repairs were imperative if the property was to be used as a place of habitation and perishable crops preserved. The improvements redounded to the benefit of the mortgagees as well as the debtor. Under such circumstances the bankrupt was entitled to credit on rent for the sums expended by him in repairs and it follows that he was not in default at the time liquidation was ordered.

■ Appellant insists that the sale of the real estate was void because prematurely held and not at public auction and without appraisement or notice to the creditors, but we find it unnecessary to pass on this issue. Appellee, Clayton C. Wehrly, became the purchaser of the property at the sale and as the record shows was subrogated to the rights of lienholders, acquiring no more by the sale than a lien by subrogation.

Appellant insists that the bankruptcy court lacked jurisdiction to require him to pay rent prior to the date he was authorized to proceed under subsection s of the Act.

The debtor filed his petition November 7, 1934, and proceeded under subsections a to r of the Act until January 2, 1935, when he was adjudged a bankrupt and authorized to proceed under 75, sub. s. This subsection was held unconstitutional in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, and amended effective August 28, 1935. Thereafter, on September 24, 1935, the debtor filed an application to proceed under the amended subsection which on September 25, 1935, was approved and the

case again referred to the Conciliation Commissioner who, on January 28, 1936, ordered the debtor to pay $4 an acre for the year commencing March 1, 1935, and ending March 1, 1936, sixty days from the date of the entry of the order.

The debtor complied with this order and the rental proceeds were paid into court. No petition for review has at any time been filed as to this order. The Conciliation Commissioner had the authority, prior to the adjudication of bankruptcy under Section 75, sub. s, subject to review, to act as the "court," in the first instance in controlling the property of the debtor "in the best interests of the farmer and his creditors." Sec. 75, sub. e. Adair v. Bank of America Ass'n, 303 U.S. 350, 358, 58 S. Ct. 594, 82 L.Ed. 889.

Because of the failure of the debtor to file petition for review with the Conciliation Commissioner as required under General Order 27, 11 U.S.C.A. following section 53; 11 U.S.C.A. § 67, sub. a, 52 Stat. 858, there is no question for our decision on the issue tendered. In re David, 3 Cir., 33 F.2d 748. The decree of the District Court is reversed, with instructions to allow the debtor a credit of $142.50 on rent, to set aside the order of sale of January 18, 1938, and to decree to Clayton C. Wehrly a lien of $7,300, and subrogate him to the rights of The Northwestern Mutual Life Insurance Company and to the rights of the First National Bank of Pandora, Ohio, to the extent of $1,037.48 and for other proceedings in conformity with this opinion.