## FEDERAL LAND BANK OF SPRINGFIELD et al. v. HANSEN.
### No. 347.

Circuit Court of Appeals, Second Circuit.
June 20, 1940.

Robert D. Jones, of Springfield, Mass., for appellants.

E. A. Mackey, of Franklin, N. Y., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The previous activities of Marie Hansen, the debtor herein, are recorded in our opinion in Federal Land Bank of Springfield v. Hansen, 2 Cir., 109 F.2d 139. After we affirmed the order of the district court refusing to dismiss the proceedings under Bankruptcy Act, § 75, sub. s, the debtor resumed her efforts to resuscitate her dairy farm. Under order of the district court dated May 22, 1939, she was to pay into court an annual rental of $480, in semiannual installments of $240, beginning on July 6, 1939, and thereafter on the 6th day of each January and July. Up to February 27, 1940, nothing at all had been paid into court, although the debtor claims that payments made on feed bills should be considered as partial payments of rent. On that day the Federal Land Bank of Springfield and Federal Farm Mortgage Corporation moved for leave to foreclose mortgages held by them on the farm and on livestock and farm machinery. On March 4, 1940, upon ex parte application by the debtor's attorney, the provisions of the order of May 22, 1939, directing semiannual rent payments, were suspended by the district court until June 1, 1940. The petitioners then amended their motion by adding a prayer that the order of March 4 be vacated. On March 16, 1940, the court entered its order denying petitioners' motion in its entirety, with leave to renew on June 1, 1940. The appeal is from this latest order of the district court.

Appellants' motion for leave to foreclose was made pursuant to Bankruptcy Act, § 75, sub. s. (3), 11 U.S.C.A. § 203, sub. s (3), the last sentence of which provides: "If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this title." Appellants point to the failure of the debtor to comply with the rent order, and urge that in such a case it is mandatory upon the court to order the property sold.

We believe, however, that the steps to be taken upon the failure of the debtor to comply with an order are discretionary with the court. Many statements in the numerous opinions construing section 75, sub. s, indicate that this is so. In Wright v. Vinton Branch, 300 U.S. 440, 465, note 9, 57 S.Ct. 556, 563, 81 L.Ed. 736, 112 A.L.R. 1455, Mr. Justice Brandeis quoted from the House Report recommending passage of the new Frazier-Lemke Act [H.R.Rep. No. 1808, 74th Cong., 1st Sess. (1935) 5, 6] as follows: "Under the new subsection s the property of the bankrupt is in the complete custody and control of the court, for all the purposes of liquidation. * * * The Supreme Court intimated that in the original subsection, the district court did not have sufficient discretion. In this subsection, the district court is given complete control and discretion." Similar statements appear in In re Miller, 6 Cir., 111 F.2d 28, 33; Federal Land Bank v. Strawn, 6 Cir., 102 F.2d 677, 678; Paradise Land & Livestock Co. v. Federal Land Bank, 10 Cir., 108 F.2d 832, 833; Borchard v. California Bank, 9 Cir., 107 F.2d 96, 98, reversed on other grounds, 60 S.Ct. 957, 84 L.Ed. 1222. That the authority

vested in the court by the last sentence of section 75, sub. s (3), in particular is discretionary is indicated by the use of the phrase "the court may order." "May" has no fixed purport, but it will usually be construed *not to mean* "shall." United States ex rel. Siegel v. Thoman, 156 U. S. 353, 15 S.Ct. 378, 39 L.Ed. 450. "May" will ordinarily be interpreted as discretionary when the word "shall" appears in close juxtaposition in other parts of the same statute. See the opinion of Judge Learned Hand in Jensen v. Lehigh Valley R. Co., D.C.S.D.N.Y., 255 F. 795. In section 75, sub. s, the word "shall" appears many times, while "may" is employed, with reference to action by the court or an officer thereof, only in the sentence now under discussion and in the last sentence of section 75, sub. s(2), where the court's powers are made expressly discretionary.

The cases which have construed the sentence under discussion, such as In re Moon, 7 Cir., 107 F.2d 545, and In re Wright, 7 Cir., 108 F.2d 359, 361, contain no intimations to the contrary. Nor does the decision in John Hancock Mut. Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. ?1; 84 L.Ed. 176, imply that the Court's duties are always mandatory. The most that can be assumed from that decision is that a district judge never has discretion to dismiss a section 75 proceeding because of the absence of a reasonable probability of the financial rehabilitation of the debtor. Even were we to make that assumption, it would have no bearing on the discretion of a district judge to continue a proceeding despite the failure of the debtor to comply with a rent order. Denial of discretionary power in the Bartels case and affirmation of that power here are both consistent with the purpose and language of the Frazier-Lemke Act.

■■■■ We turn, then, to consider whether the district court abused its discretion. The debtor had not complied with the rent order. Section 75, sub. s(2), does state that the first payment of rental "shall be made" within one year of the date of the order staying proceedings. It should be noted that, while that is in form a command to the debtor, it is not a direction to the court; the latter's authority comes from subdivision (3) which we have discussed above. But this provision makes it clear that the first rent payment need not be made until a year has elapsed. At the time appellants made their motion, only ten months had gone by. That part of the order making the rent payable in installments on July 6, 1939, and January 6, 1940, both within the year of grace, was clearly subject to later modification by the court. In re Miller, supra, 6 Cir., 111 F.2d at page 33. A bankruptcy court has continuous power to modify its own orders, if no intervening rights are disturbed. Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557.

The court was free to modify its order so as to provide for payment of the rent at the end of the year of grace. Moreover, the power to change the order would, for some purposes at least, extend even beyond that period. The amount fixed as a fair rental was not an immutable sum. If conditions have changed sufficiently to warrant a reduction, the court will not be unable to grant it. Since the old order has now been suspended, it is the duty of the district judge to promulgate a new rent order with all speed, providing for payment of the original or a reduced amount within a brief but reasonable time. If compliance is not soon forthcoming, it is his duty to permit the creditors to pursue their normal remedies.

The debtor also denies the alleged total failure to comply with the rent order. She has caused the bills for feed for her cows to be paid, and she contends that these sums should be considered payments of rent, inasmuch as the court may order the rent applied to upkeep of the debtor's "property." We do not find it necessary to pass upon the correctness of the debtor's argument. Whatever the status of the feed bill payments, the court had power to enter the order appealed from.

■■■■ There remains the question, presumably of little interest to the immediate parties, whether we should affirm the order below or dismiss the appeal. Appeals should be dismissed only when the court has no jurisdiction to review any aspect of the action taken below. When the order below is re-examined, even to the limited extent of determining whether or not the discretion of the district court has been abused, the appellate court exercises its appellate jurisdiction, and affirmance or reversal would appear to be required. The present order was an interlocutory one. Even in bankruptcy, various interlocutory orders which determine nothing, such as orders merely of reference for report, are not reviewable, and appeals are accordingly dismissed. See In re Hotel Governor

Clinton, 2 Cir., 107 F.2d 398. Other interlocutory orders are reviewable for abuse of discretion alone. Appeals from such orders have occasionally been dismissed, but we believe it is the better practice to affirm if no abuse of discretion is shown. Mohonk Realty Corp. v. Wise Shoe Stores, 2 Cir., 111 F.2d 287; In re Island Park Associates, 2 Cir., 77 F.2d 334; In re Paramount Publix Corp., 2 Cir., 68 F.2d 703, certiorari denied, Bensinger v. Hilles, 292 U.S. 652, 54 S.Ct. 863, 78 L.Ed. 1502; In re Prudence Co., 2 Cir., 98 F.2d 559, certiorari denied, Stein v. McGrath, 306 U.S. 636, 59 S.Ct. 485, 83 L.Ed. 1037.

Such a rule will accord with the usual appellate procedure on motions to reopen bankrupt estates. Orders denying motions to reopen are probably final orders, but they are reviewable only for abuse of discretion; and on a finding of no abuse, the order below seems invariably to be affirmed. In re Schreiber, 2 Cir., 23 F.2d 428; In re Graff, 2 Cir., 250 F. 997; In re Ferribee, 7 Cir., 93 F.2d 262; cf. also In re Brown, 2 Cir., 87 F.2d 306; In re Marine Transit Corp., 2 Cir., 79 F.2d 232.[1]

Affirmed.

---

[1] In non-bankruptcy matters, the practice seems to be somewhat diverse. It is said that ordinarily an order denying a motion to vacate a judgment is not appealable, unless the motion can be viewed as a separate proceeding or action. Glinski v. United States, 7 Cir., 93 F.2d 418; Burns v. Ender Coal & Coke Co., 7 Cir., 104 F.2d 964; Consolidated Radio Artists, Inc., v. Washington Section, National Council of Jewish Juniors, 70 App. D.C. 262, 105 F.2d 785, 787 n. So, too, of an order denying a petition to intervene except where the petitioner can effectively assert his rights in no other action. In re Dolcater, 2 Cir., 106 F.2d 30, 32; Palmer v. Guaranty Trust Co. of New York, 2 Cir., 111 F.2d 115; City of New York v. Consolidated Gas Co., 253 U.S. 219, 40 S.Ct. 511, 64 L.Ed. 870. Emphasis is placed upon the finality of the order as to the appellant; where decision does not settle the merits of his claim, appeal does not lie. Credits Commutation Co. v. United States, 177 U.S. 311, 315, 20 S.Ct. 636, 44 L.Ed. 782; Bensen v. United States, 9 Cir., 93 F.2d 749. In 4 C.J.S., Appeal and Error, §

111, p. 207, it is stated as a general rule that an appeal does not lie from discretionary action of a court except by statute or upon abuse of discretion; but "much conflict" in the decisions is conceded. So broad a statement seems inappropriate for federal practice at least. Cf. Wayne United Gas Co. v. Owens-Illinois Glass Co., supra, 300 U.S. at page 137, 57 S.Ct. 382, 81 L.Ed. 557; ·Swift & Co. v. United States, 276 U.S. 311, 322,. 332, 48 S.Ct. 311, 72 L.Ed. 587.