## PARADISE LAND & LIVESTOCK CO. v. FEDERAL LAND BANK OF BERKELEY.

### No. 2228.

Circuit Court of Appeals, Tenth Circuit.

Jan. 16, 1941.

Rehearing Denied April 14, 1941.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellant.

Richard W. Young, of Berkeley, Cal. (Richards & Mitchell, of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Paradise Land and Livestock Company, a farming corporation, filed its petition for relief under § 75, subs. a–r, of the Bankruptcy Act, 11 U.S.C.A. § 203, subs. a–r.

The debtor, having failed to obtain an acceptance of a composition or extension proposal, filed its petition under subsection (s) of § 75 of the Bankruptcy Act. On June 16, 1938, the debtor was adjudged a bankrupt and the matter was referred to the Conciliation Commissioner for Cache County, Utah. An appraisal of all the property of the debtor was filed on July 9, 1938. On September 8, 1938, the Conciliation Commissioner entered an order in which he awarded the debtor the right to retain possession of all its property under the supervision and control of the court and fixed the annual rental at $3,795, directed that the rental be paid on or before December 15, 1938, and recommended that the District Court stay all proceedings against the debtor for a period of three years from September 8, 1938.

On December 3, 1938, the District Court entered its order setting aside the adjudication under § 75, sub. s, and dismissing the proceedings. That order was reversed on an appeal to this court. See Paradise Land & Livestock Company v. Federal Land Bank, 10 Cir., 108 F.2d 832.

After our mandate had gone down and on March 6, 1940, the court entered an order in which it found that the Conciliation Commissioner, on September 8, 1938, had fixed the annual rental to be paid by the debtor at $3,950, but had not fixed the time or times when such rental should be paid,[1] and that no rental had been paid pursuant to the order, and directed the Conciliation Commissioner to fix the time or times when such rental should be paid.

---

[1] The Conciliation Commissioner had fixed the time for the payment of the rental for 1938.

On April 1, 1940, the District Court, on motion of counsel for the debtor, ordered that "all proceedings against the said debtor and its property be stayed pursuant to the provision of subsection s of Section 75 Bankruptcy Act."

On April 23, 1940, the Conciliation Commissioner ordered that "the said debtor pay to the Clerk of the Court on account of the rentals for 1940, heretofore fixed, one half thereof, to-wit: the sum of $1897.50 on or before the 15th day of September, 1940 and one half thereof, to-wit: the sum of $1897.50 on or before the 2nd day of January, 1941."

On August 7, 1940, the District Court found that the debtor was adjudged a bankrupt under § 75, sub. s, on June 16, 1938; that the matter was referred to the Conciliation Commissioner; that an appraisal of the property of the bankrupt was duly made and filed; that the Conciliation Commissioner fixed the annual rental and awarded possession of the property to the debtor; that on September 8, 1938, the Conciliation Commissioner filed his report recommending a stay and that, through inadvertence, the formal stay order was not entered; and ordered that "all judicial or official proceedings in any court, or under the direction of any official, against the said bankrupt or any of its property, be and the same are hereby stayed for a period of three years from and after September 8, 1938, and this order shall be entered and take effect nunc pro tunc as of September 8, 1938." From the last-mentioned order, the debtor has appealed.

Sec. 75, sub. s(2), 11 U.S.C.A. § 203 sub. s(2), in part provides:

"When the conditions set forth in this section have been complied with, the court shall stay all judicial or official proceedings in any court, or under the direction of any official, against the debtor or any of his property, for a period of three years. During such three years the debtor shall be permitted to retain possession of all or any part of his property, in the custody and under the supervision and control of the court, provided he pays a reasonable rental semiannually for that part of the property of which he retains possession. The first payment of such rental shall be made with-

in one year of the date of the order staying proceedings, * * *."

■ The stay provided for is not an automatic stay but a judicial one, to be granted only upon a finding by the court that the conditions set forth in the section have been complied with.[2]

■ The stay order performs three functions. It stays proceedings, it fixes the beginning of the three-year period during which the debtor must pay a reasonable rental semiannually for that part of the property of which he retains possession, and it fixes the date within one year from which the first payment of rental must be made.

■ The court should have entered the stay order promptly after receiving the report of the Conciliation Commissioner showing that the conditions set forth in the section had been complied with. Instead of complying with the mandate of the statute, the court, on December 3, 1938, entered an order dismissing the proceeding.

■ Sec. 75, sub. b, 11 U.S.C.A. § 203, sub. b, authorizes the Supreme Court to make such general orders as it may find necessary properly to govern the administration of the office of Conciliation Commissioner. General Order 50, 11 U.S.C.A. following section 53, provides: "In so far as is consistent with the provisions of section 75 and of this general order, the conciliation commissioner shall have all the powers and duties of a referee in bankruptcy * * *." Sec. 75, sub. s (4), 11 U.S.C.A. § 203, sub. s (4), provides that the Conciliation Commissioner shall continue to act as referee when the debtor amends his petition asking to be adjudged a bankrupt under the provisions of § 75, sub. s, 11 U.S.C.A. § 203, sub. s (4). See In re Miller, 6 Cir., 111 F.2d 28, 32. Under the general reference, the Conciliation Commissioner, by his order of September 8, 1938, fixed the annual rental at $3,795 and directed that it be paid on or before December 15, 1938. However, since no stay order was entered, the three-year period did not commence to run and the debtor was not obligated to pay rental for 1938.

The first stay order was entered on April 1, 1940, and, under the special reference of

[2] Hardt v. Kirkpatrick, 9 Cir., 91 F.2d 875, 878, certiorari denied 303 U.S. 626, 58 S.Ct. 762, 82 L.Ed. 1088; Bernards v. Johnson, 9 Cir., 103 F.2d 567, 571, certiorari denied 308 U.S. 595, 60 S.Ct. 127, 84 L.Ed. 498, certiorari granted 310 U.S. 616, 60 S.Ct. 899, 84 L.Ed. 1391.

March 6, 1940, the Conciliation Commissioner fixed the rental for 1940 at $3,795 and directed that one-half thereof be paid on or before September 15, 1940, and one-half on or before January 2, 1941.

Since the stay order fixes the beginning of the three-year period during which the debtor must pay rent, and the beginning of the maximum period within which the debtor must pay the first year's rental, we are of the opinion that the court was without power to give retroactive effect to its order of August 7, 1940, and start the running of the three-year period as of September 8, 1938, and place the debtor in default for nonpayment of rent for 1938. We conclude that the three-year period must be held to have commenced on April 1, 1940; that the debtor's obligation to pay rental commenced on April 1, 1940; and that the debtor should be required to pay rental for 1940 and during the remainder of the three-year period in accordance with the order of the Conciliation Commissioner of April 23, 1940.

The order appealed from is reversed and set aside and the cause remanded with directions to proceed in accordance with this opinion.