**In re PETERSON.**

**No. 54.**

District Court, S. D. Iowa, W. D.

Dec. 10, 1941.

LeRoy Johnson, of Red Oak, Iowa, and Elmer McClain, of Lima, Ohio, for debtor-bankrupt.

Karl Geiser, of Council Bluffs, Iowa, for John Hancock Ins. Co.

DEWEY, District Judge.

The above-entitled matter came on for hearing in open court at Des Moines on the 6th day of December, 1941, to review an order entered by the conciliation commissioner dated the 31st day of October, 1941. The files and proceedings had in the bankruptcy proceedings, including the transcribed evidence taken at the hearing on which the above order is based, were before the court and were considered and argued and the matter submitted.

Mary H. Peterson, the farmer debtor, filed her petition under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, on March 1, 1939, and on May 10, 1939, asked

to be and was adjudicated a bankrupt under the provisions of Subsection s of said section.

From an order dismissing the proceedings by this court the bankrupt appealed and that order was reversed by the Circuit Court of Appeals in Peterson v. John Hancock Mutual Life Ins. Co., 8 Cir., 116 F.2d 148. The case being reinstated the conciliation commissioner under date of January 13, 1941, entered an order which was made after notice given by the Commissioner to the parties, including the farmer debtor, and at the hearing H. L. Bump, her attorney, was present. The order provided: first, that the debtor should pay the taxes assessed and payable against certain real estate for the years 1939 and 1940; second, that the debtor should pay rental for said 118 acres of land for the year 1941, of $400, to be paid $150 October 15, 1941, and $250 on January 15, 1942.

By an order of even date the commissioner executed a stay order against the John Hancock Mutual Life Insurance Company and all other persons against continuing with the foreclosure proceedings then pending in Montgomery County, Iowa.

From the order fixing rentals, the Insurance Company, which holds a mortgage on the land referred to in the order, petitioned for a review to this court and same was approved and confirmed on the 21st day of February, 1941. The real estate taxes referred to in the order and which were due and delinquent for the year 1939, amounted to $121.28; and the taxes on the real estate due and delinquent for the year 1940, amounted to $119.65.

On or about July 31, 1941, the John Hancock Mutual Life Insurance Company filed an application with the conciliation commissioner praying for an order terminating the stay order and directing the liquidation of the real estate on the following grounds: first, that the farmer debtor had failed, neglected and refused to pay the taxes as provided by the order of the commissioner of January 13, 1941; second, that no emergency existed in the State of Iowa or in Montgomery County, Iowa, among farmers; and third, that the farmer debtor was so insolvent that she could not refinance herself within the three-year period.

An extensive hearing was had on this application and by agreement the evidence was taken down in shorthand and has been extended and is before this court on this review.

In the order upon which the review is asked, and based upon this application and such evidence, the commissioner found and determined that the bankrupt had failed to comply with the order of the court entered on the 13th day of January, 1941, and that the stay should be terminated and the bankrupt's estate liquidated and closed. No findings of fact or conclusions of law were made as to the claim that there was no emergency existing and that the debtor was unable to rehabilitate herself within a period of three years.

It is established by the evidence that the bankrupt not only failed, neglected and refused to pay the taxes referred to in the order of January 13, 1941, but also that she failed to pay the rental of $150 due on October 15, 1941; however, she did pay this rental after these proceedings were started and on the 24th day of October, 1941.

The commissioner in his return suggests that the petition for review was not filed within a period required by the Bankruptcy Act, but there was an order of this court extending the time for filing such petition for review and said petition was filed within the extended period.

The commissioner was correct in treating as immaterial the questions of lack of an emergency and inability of the debtor to rehabilitate herself as grounds for terminating the stay.

Section 75 was extended several times by the Congress; the latest extension being after any emergency existed and indicated an intention on its part to make the procedure under Section 75 applicable whether an emergency existed or otherwise.

While the Supreme Court of the United States in the case of Wright v. Vinton Branch, 300 U.S. 440, 57 S.Ct. 556, 81 L. Ed. 736, 112 A.L.R. 1455, interpreted the act as permitting a termination of the stay at any time within the three-year period if a showing could be made that the farmer debtor was unable to rehabilitate himself within the three years, that court in the later decision of John Hancock Mutual Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176, held otherwise.

It is argued here that the stay should be terminated for failure to pay the first half of the rental due on October 15, 1941. This rental was paid a few days after its due date and the Insurance Company did not specifically claim that the pro-

ceedings should be terminated on that account in its application, nor does the commissioner specifically so find in the order of October 31, 1941, on which the review is asked. While the payment was not made on the due date i was paid within a very short and reasonable time thereafter and I do not believe the Insurance Company would have started or continued the termination proceedings on that account alone.

The main contention is, and the commissioner found, that it was the failure, neglect and refusal of the bankrupt to pay the taxes as contained in his order of January 13, 1941, that resulted in the commissioner's order terminating the stay.

It is the contention of the Insurance Company that the bankrupt cannot be heard to deny the validity of that order as no review was asked thereon and it stands as a verity between the parties.

The bankrupt contends on the other hand that that order was made without notice to her and was beyond the power and authority of the commissioner and is therefore void and cannot be made the basis for an order to liquidate the real estate on the ground of a violation of an order of the commissioner.

I find it unnecessary to determine the question of the validity of the order with reference to these taxes made by the commissioner on January 13, 1941, as the question here is whether the commissioner could base his order of liquidation on the failure and refusal to pay those taxes as ordered. Subsection s (2) very specifically provides that if certain conditions have been complied with the court shall issue a stay order for a period of three years and during those three years the debtor shall be permitted to retain possession of his property provided he pays a reasonable rental semi-annually for that part of the property of which he retains possession. The act then provides how the rentals shall be arrived at and the times for their payment. Paragraph (3) of Subsection s then provides, among other things, " * * * If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, * * * the court may order the appointment of a trustee, and order the property sold * * *."

It will be noted that the appointment of a trustee and the order to sell the property can be had if the debtor fails to comply with any order of the court made pursuant to this Subsection s. This is the only provision with which we are now concerned. The order of the commissioner directing that the taxes be paid was not made in pursuance to any provision of "this section".

For these reasons the termination of the stay entered by the commissioner in the order on which the review here is asked was erroneous in that it was based upon a failure to comply with an order which was not provided for by Subsection s. The order on which the review is asked will therefore have to be set aside.

The clerk will enter the following order:

The above-entitled matter having come on for hearing in open court at Des Moines, Iowa, on the 6th day of December, 1941, on a petition to review a certain order made by the conciliation commissioner of date October 31, 1941, terminating the stay order and ordering the bankrupt's estate to be liquidated and appointing a trustee for that purpose, and said order being reviewed, the same is hereby set aside and all of the records now before the court on this review are ordered returned to the conciliation commissioner for further proceedings. John Hancock Insurance Company excepts.