## PARADISE LAND & LIVESTOCK CO. v. FEDERAL LAND BANK OF BERKELEY.

### No. 2545.

Circuit Court of Appeals, Tenth Circuit.

Nov. 13, 1942.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellant.

Richard W. Young, of Berkeley, Cal., for appellee.

Before PHILLIPS, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

By this appeal the appellant challenges the power and authority of the bankruptcy court to vacate, change, or modify an order fixing rental in a farmer-debtor proceedings under Section 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. 203, sub. s. The

debtor contends in effect that once the order fixing the rental as provided by Section 75, sub. s(2), becomes effective, it is final and conclusive on all parties and the bankruptcy court is powerless to change the rental during the three-year stay period granted by the Act.

The farmer-debtor, Paradise Land and Livestock Company, was duly adjudged a bankrupt under Section 75, sub. s, and the matter was referred to the conciliation commissioner for the District of Utah. By order of September 8, 1938, the conciliation commissioner appraised the property, recommended a stay of all proceedings with the debtor in possession, conditioned upon the payment of an annual rental in the sum of $3,795. Without approving the recommendations of the commissioner, and before payment of the rental by the debtor, the court dismissed the proceedings. On appeal from the order of dismissal, we reversed, see Paradise Land & Livestock Co. v. Federal Land Bank, 10 Cir., 108 F.2d 832, on grounds not pertinent to the question presented here.

On remand and on March 6, 1940, the District Court referred the matter to the conciliation commissioner for determination of the time or times on which the annual rental heretofore fixed on September 8, 1938, should be paid, and for the further purpose of determining the amount, if any, the debtor should be required to pay upon the principal of the indebtedness in addition to the rental. On April 1, 1940, the court stayed all proceedings against the farmer-debtor, effective on that date. On April 23, 1940, pursuant to the reference order of March 6, 1940, the conciliation commissioner recommended that the rental heretofore fixed by the order of September 8, 1938, in the sum of $3,795 be applicable for the year 1940, payable one-half on or before September 15, 1940, and the remaining one-half on or before January 2, 1941, and that he be required to pay no further sums on account of the principal indebtedness during 1940.

Thereafter and on June 5, 1940, the court by a "nunc pro tunc" order provided in effect that the three-year stay granted to the debtor under Subsection s should become effective September 8, 1938, and not April 1, 1940, and that the debtor's obligation to pay rental should become effective as of September 8, 1938, and not April 1, 1940. On appeal, we reversed holding that the three-year period provided by Subsection s of the Act commenced on April 1, 1940, and that the debtor's obligation to pay rental commenced on the same date. Paradise Land & Livestock Co. v. Federal Land Bank, 10 Cir., 118 F.2d 215. After remand from this court, the rental for the year commencing April 1, 1940, in the sum of $3,795, was duly paid by the debtor and by the court distributed to the creditor mortgagee under its orders of October 9, 1940, and March 30, 1941, and in accordance with the recommendations of the conciliation commissioner in his order of April 23, 1940.

On motion of the mortgagee creditor filed July 12, 1941, and over the objections of the debtor, the trial court by its order of January 21, 1942, vacated the order of the conciliation commissioner dated September 8, 1938, which at that time fixed the annual rental as a condition for the stay of all proceedings. The court approved the rental theretofore paid for the year commencing April 1, 1940, in the sum of $3,795. But based upon a specific finding to the effect that the usual and customary rental for lands located in this vicinity was a share of the crops produced thereon during the season, the court ascertained the market value of the crops produced from the lands in question, together with other pertinent items including government parity payments, and concluded that the sum of $4,977.10 was a fair and equitable rental value for the year 1941. The court further found that because the debtor corporation was owned and controlled by one family, and because the family had paid themselves a salary of $1,200 and $1,800 respectively, for the year 1941, the sum of $1,200 was a reasonable sum to be applied on the principal of the indebtedness, and so ordered. The court also found that the rental for the year beginning April 1, 1942, should be based upon the same crop share basis, and determined in the same manner as the 1941 rental, and accordingly ordered the bankrupt to submit to the court a full report of all income derived from the farming operations for the year commencing April 1, 1942, on or before November 15, 1942. No objection is made to the factual correctness of the findings of the court, but the challenge to the court's order is based upon the asserted finality of the order of September 8, 1938, fixing the rental for the three-year stay.

The effect of the contention of the farmer-debtor is to say that although the three-year stay granted by the Act, did not commence to run and the debtor was

not obligated to pay rental until April 1, 1940, because the court had not granted a stay order until that date, yet the court is bound by that part of the conciliation commissioner's order of September 8, 1938, fixing the fair rental to be paid semiannually within one year from the date of the order staying proceedings. To give finality to an order of a bankruptcy court in these circumstances would unduly restrict the equitable jurisdiction of the court to effectuate the beneficent and equitable purposes of the Act, and we should not so restrict the powers of the bankruptcy court unless required by the plain mandate of the statute. Here, unlike the controlling facts in Bernards v. Johnson, 314 U.S. 19, 62 S.Ct. 30, 86 L.Ed. 11, and Union Joint Stock Land Bank v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041, see also Brinton v. Federal Land Bank of Berkeley, 10 Cir., 129 F.2d 740, the court has not lost jurisdiction over the subject matter of the proceedings. The subject matter is effectively within the control of the bankruptcy court and subject to its orders, and it may at any time prior to its termination make any order in the progress of the proceedings consistent with the purposes of the Act, or it may, for good cause, vacate any order heretofore made within the limits of the statutory rights of the parties. Wayne United Gas Company v. Owens-Illinois Glass Company, 300 U.S. 131, 57 S. Ct. 382, 81 L.Ed. 557.

In Nalder v. Federal Land Bank of Berkeley, 10 Cir., 131 F.2d 74, we held that a bankruptcy court was authorized to set aside or vacate an appraisal authorized by Subsection s(3), upon a finding that the appraisal was arrived at by fundamentally erroneous methods. We do not suppose that the purposes of the Act contemplate that the court shall have power and authority to reconsider an order of appraisement, and to increase or decrease the same pursuant to a hearing conducted fairly and openly with an opportunity for all parties to be heard, yet it may not reconsider and vacate an order fixing rental based upon the re-

appraisement or upon the revenue derived from the yearly crop yield during the three-year stay. Such reasoning is entirely inconsistent with the interlocking provisions of the Act relating to the three-year stay, and retention of custody and control conditioned upon the payment of a reasonable rental to be fixed by the court.

■ Here the rental order is based upon a valuation of the crop yield, together with other productive revenues, and is wholly consistent with rental under the customary crop share plan. The findings are detailed and are not disputed, we are therefore unable to say that the findings are not based upon the revenue derived from the land in question for the crop year 1941. The rental for the year commencing April 1, 1942, is subject to further consideration, based upon the value of the crop yield for that year. No hardship can result either to the debtor or the mortgagee creditor. Manifestly, the three-year stay provided by the Act, conditioned upon the payment of a reasonable rental, does not forbid the increase or decrease of rental based upon the income from the property. This is in the interest of the debtor as well as the creditor and is especially responsive to the underlying basis for its constitutionality.

■ Under what we conceive to be the flexible and better rule, the order of the court fixing the rental value is open for reconsideration, change, or modification, on the motion of either party to the proceedings, having regard for the value of the crop yield. We conclude that neither the debtor nor the creditor has any statutory right to insist upon the finality of a rental order during the three-year stay, provided no rights have vested in reliance upon the order, and neither party is unduly prejudiced thereby. The court was therefore authorized to reconsider and to vacate the order of September 8, 1938, and to increase or decrease the rental for any year during the stay, based upon the revenue produced or other relevant conditions shown to exist.

The judgment is affirmed.