## PETERSON v. JOHN HANCOCK MUT. LIFE INS. CO.

### No. 12499.

Circuit Court of Appeals, Eighth Circuit.

Aug. 18, 1943.

Elmer McClain, of Lima, Ohio, for appellant.

Oscar E. Johnson, of Council Bluffs, Iowa (D. L. Ross, of Council Bluffs, Iowa, on the brief), for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and VOGEL, District Judge.

VOGEL, District Judge.

This is a proceeding under Section 75 of the Bankruptcy Act dealing with farm debtors, 11 U.S.C.A. § 203. Appeal is taken from an order of the District Court approving the findings and order of the conciliation commissioner terminating the stay and appointing a trustee, setting time for paying into court the amount of the appraised or reappraised value of the mortgaged property, and from the order of the District Court overruling the petition for rehearing. For convenience the appellant will be designated as debtor and the appellee as creditor. The case is one of rather involved litigation, it having been before this court on another question in Peterson v. John Hancock Mutual Life Insurance Company of Boston, Massachusetts, 116 F.2d 148, and on review of a conciliation commissioner's order in District Court, reported in In re Peterson, 42 F. Supp. 406.

In the commissioner's order of August 3, 1942, he found that the debtor had failed to pay a rental installment in the amount of $250 due January 15, 1942. The District Court on review also found that the rental payment had not been made. In the District Court's order approving the conciliation commissioner's order he stated: "There is some argument that even for failure to comply with an order made by a court in pursuance to the provisions of the Act that that alone is not sufficient to terminate the stay order and authorize the sale of the property, unless the act on the part of the bankrupt was contumacious. The manner in which the bankrupt has acted in these proceedings with reference to the payment of this instalment of rent

and her conduct prior thereto gives plenty justification for the finding, not only that the refusal to pay the instalment was contumacious, but was made in flagrant contempt of the rights of the court to administer the assets of the estate as provided by the Act, and I so find."

█ Failure to pay rent in accordance with court order based upon the provisions of the Act, or failure or refusal to comply with other orders of the court, made in accordance with the provisions of the statute, *may* justify termination of the stay order, the appointment of a trustee, and the winding up of the estate, allowing the bankrupt opportunity to redeem the mortgaged property at its market value.

"(s) (3) * * * If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this title." 11 U.S.C.A. § 203.

"The power of the court to 'order the property sold or otherwise disposed of as provided for in this Act' cannot be taken to mean a discretionary power to terminate the proceedings through the exclusive device of a public sale. Congress has provided that *certain contumacious conduct* on the part of the debtor or his inability to refinance himself within three years *may be an appropriate basis for a termination of the proceedings or for an acceleration thereof.*" (Italics supplied.) Wright v. Union Central Life Insurance Co., 311 U.S. 273, 61 S.Ct. 196, 200, 85 L.Ed. 184.

The District Court and the conciliation commissioner found that the debtor had not paid the rental installment of $250 due January 15, 1942, and the District Court further made a specific finding "that the refusal to pay the instalment was contumacious". As it is that finding and order which are challenged herein it becomes necessary to examine the basis therefor.

It appears that on June 4, 1941, the debtor made application to the conciliation commissioner for an order authorizing expenditures for certain repairs claimed to be necessary for the upkeep of the mortgaged property which was in the debtor's possession in accordance with the provisions of the Act. No action appears to have been taken thereon. On December 22, 1941, the debtor filed another application for an order authorizing or directing repairs. On January 2, 1942, the conciliation commissioner did enter an order authorizing certain repairs, but record of the testimony taken before the conciliation commissioner on July 8, 1942, indicates definitely that there was a certain lack of finality therein:

(R. 40): "Mr. Swanson: Is there any order or something authorizing the debtor in this case to pay money, to pay out money on the place without paying it to the conciliator and getting the bills approved?

"The Referee: *There is one Order of record allowing some repairs, but in the meantime, your field man and Mr. Peterson was to get together and go over and check what improvements were to be made.* We had a hearing once on that, and the improvements were allowed, but as to the amount that has been expended for these improvements.

"Mr. Swanson: The proper way to handle the funds is to pay into the conciliator, and the conciliator pay the bills.

"The Referee: That is true. *They can be allowed as an offset.*" (Italics supplied.)

It appears that the debtor paid a rental installment due October 15, 1941, but instead of paying the rental installment due January 15, 1942, she filed with the commissioner certain receipts totalling $262.-99, which she claimed represented expenditures for necessary improvements and repairs on the property herein. At the hearing referred to, the conciliation commissioner, after examining the receipts covering the expenditures of $262.99, disallowed all of such expenditures with the exception of $116.98, which he approved and allowed as an offset against the installment for rent due January 15, 1942. He, therefore, found that the rental payment due January 15, 1942, was short in the sum of $133.-02, and came promptly to the conclusion that the rental order had been violated, and that by reason thereof the order of stay should be terminated and a trustee appointed. The District Court approved the findings and order, excepting only that it included a provision that the debtor be allowed thirty days, or such additional time as the commissioner may by order upon application make, to pay into court the amount of the appraised or reappraised value to redeem the mortgaged property.

Section 75 of the Bankruptcy Act was enacted by Congress for the relief of farm debtors and its provisions should be liberally construed to the end that the intent of Congress should be effectuated. The Supreme Court of the United States has said: " 'The Act must be liberally construed to give the debtor the full measure of the relief afforded by Congress * * * lest its benefits be frittered away by narrow formalistic interpretations which disregard the spirit and the letter of the Act.' Wright v. Union Central Ins. Co., 311 U.S. 273, 279, 61 S.Ct. 196, 200, 85 L. Ed. 184." Wright v. Logan, 315 U.S. 139, 62 S.Ct. 508, 509, 86 L.Ed. 745.

A complete review of this record does not indicate that the debtor was guilty of "contumacious" conduct, or that there was such refusal to abide by the orders of the court as would justify the drastic action taken by the conciliation commissioner and affirmed by the District Court. True, the bankrupt's rental payment of January 15, 1942, was found to be short the sum of $133.02, but it had been intimated to the debtor that proper repair expenditures, made necessary for the preservation of the estate, would be credited upon rental payments. We do not pass upon the propriety of such method of handling repair expenditures or paying rents, as that question is not before us. We do point out, however, that the bankrupt deposited and filed with the conciliation commissioner repair expenditures totalling an amount in excess of the rental payment of January 15, 1942. True, the commissioner found that some of those expenditures had been made prior to the rental period, and that others were unnecessary, thus reducing the amount of credit to $116.98. He, however, gave the bankrupt no reasonable opportunity to pay the balance of $133.02 into court and, subsequent to the hearing, when that amount was offered to him, and when it was offered to the Clerk of the District Court, the deposit was refused.

Reasonable administration of the law, with a sympathetic appreciation of its intents and purposes. should have dictated, under the circumstances, the granting of additional time to make up the deficiency found by the commissioner after his disallowance of a part of the repair expenditures represented by the receipts filed with him. The action of the debtor in filing the receipts and claiming credit therefor certainly does not justify the finding that her actions were contumacious. It is true that the District Court in its order so found, but the record is barren of facts which would justify such a conclusion.

The District Court's order of October 23, 1942, and its order overruling petition for rehearing, dated November 5, 1942, are reversed and the conciliation commissioner's order of August 3, 1942, is set aside and the case is remanded with instructions to allow the debtor a reasonable time within which to pay the balance of the rent due January 15, 1942, and for further proceedings in accordance with the provisions of the Act.