## PARADISE LAND & LIVESTOCK CO. v. FEDERAL LAND BANK OF BERKELEY.

### No. 2714.

Circuit Court of Appeals, Tenth Circuit.

Jan. 17, 1944.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellant.

Richard W. Young, of Berkeley, Cal. (Richards & Mitchell, of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is a proceeding under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. This is the fourth appeal of this case to this court. A full statement of the facts is found in each of the previous opinions of the court,[1] and the statement of facts here will be confined to the matters involved in this appeal.

Appellant owned a large tract of land, consisting of irrigated land, dry farm land and grazing land, as well as a ranch house residence in town. The entire ranch consisted of 9,671 acres. Appellee held three mortgages on separate and distinct portions of the ranch, all of which had been foreclosed and reduced to judgment in the state court before the present proceeding was instituted. One mortgage covered 1,920 acres, a second covered 640 acres, and a third one covered 7,111 acres. Appellant remained in possession of the entire ranch under Subsection s of the Act. At a certain stage in the proceedings, it petitioned the court for a reappraisal of the property

---

[1] Paradise Land & Livestock Co. v. Federal Land Bank of Berkeley, 10 Cir., 108 F.2d 832; Paradise Land & Livestock Co. v. Federal Land Bank of Berkeley, 10 Cir., 118 F.2d 215; Paradise Land & Livestock Co. v. Federal Land Bank of Berkeley, 10 Cir., 131 F. 2d 950.

under Subsection s (3) of the Act. The court set a date for the hearing, and after a full hearing, itself fixed a unit value for each of the three tracts covered by the three mortgages. It may be noted that in each instance the value fixed by the court was considerably less than the amount of appellee's liens.

The only substantial question presented is whether the court erred in refusing to fix the value of each legal subdivision within the three large bodies of land covered by the separate mortgages, as requested by appellant. The admitted purpose of this request was to permit appellant to select such parcels from each unit as it might desire, pay the appraised value into court, and relinquish the balance of each unit to appellee.

No case is called to our attention, and our search has failed to reveal one, in which the precise question has been decided. It is our conclusion that the court followed the correct procedure.

Subsection s (3) provides that at the end of three years the debtor may pay into court the amount of the appraisal of the property *of which he retains possession.* The section then further provides for a reappraisal of such property, in which case the debtor pays the amount of the reappraisal and takes his property free from any claims.

Appellant contends that the phrase "property of which he retains possession" is ambiguous. It is contended that the phrase might mean "the property he had possession of during the proceedings or the property he intends to redeem." There is no ambiguity in this language. It specifically relates to the property of which he retains possession. The meaning of this language is obvious and clear.

Appellant retained possession of this property and he is required to pay the appraised unit value if he desires to redeem any of the tracts covered by the separate mortgages. The inequity of what appellant seeks to do is apparent upon its face. A successful ranch requires grass land, adequate water supply, and farm land to provide forage for winter feed. Under appellant's theory, it could redeem all the irrigated land and all the sources of water supply, or it could select isolated tracts throughout this vast acreage and thus require fencing and cross-fencing, resulting in a disjointed remaining acreage. Any of

these steps would result in a great diminution in the value of the remaining and unredeemed portion of the ranch. This would deny appellee the full value of its security to which it is entitled not only under the Act, but also under the Constitution.

The decision of the trial court is affirmed.