**PETERSON v. JOHN HANCOCK MUT. LIFE INS. CO.**

No. 12821.

Circuit Court of Appeals, Eighth Circuit.

July 10, 1944.

Rehearing Denied July 27, 1944.

Elmer McClain, of Lima, Ohio, for appellant.

Oscar E. Johnson, of Council Bluffs, Iowa (D. L. Ross and Robert M. Stuart, both of Council Bluffs, Iowa, on the brief), for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from a judgment in a farmer-debtor proceeding under the Bankruptcy Act, 11 U.S.C.A. § 203 et seq., affirming an order of a conciliation commissioner fixing the rent on farm premises.

At the argument on the submission of the case, appellant presented a motion asking that we receive as a part of the record on appeal certain documents which the District Court, after a hearing on the question, held were not introduced in evidence in the proceedings with which this appeal is concerned and were not to be found either in the records of the proceedings before the conciliation commissioner or before the court. Nothing appearing in the record before us to indicate that these findings of the court below were erroneous, the motion is denied.

On the merits, the facts are that the conciliation commissioner on the 13th day of January, 1941, entered an order placing the farmer-debtor, the appellant, in possession of the premises involved in this proceeding for a period of three years from March 1, 1941, and providing that appellant should pay an annual rental of $400 for the year commencing March 1, 1941, in two install-

ments, one payable on the 15th day of October, 1941, and one on the 15th day of January, 1942. Appellant failed to pay the second installment of rent. Instead, she, filed with the commissioner receipts for certain expenditures made by her in the maintenance of the farm property, in excess of the amount due on the rent installment, and asked for credit accordingly. The commissioner allowed the expenditures in an amount less than the amount of rent due, and, finding that appellant had failed to pay the rent in accordance with the rental order, vacated the stay order of January 13, 1941. His action was affirmed by the District Court. We reversed. Peterson v. John Hancock Mutual Life Ins. Co., 137 F.2d 396.

The opinion of this court in the case just mentioned was handed down August 18, 1943. At that time, because of the controversy over the rent and the vacation of the stay order, no order had been made by the conciliation commissioner fixing the rent for the year beginning March 1, 1942, or for the year beginning March 1, 1943.

On September 21, 1943, the commissioner entered an order for a hearing to be had for the purpose of fixing a fair and reasonable rental for the farm for the years just mentioned. Notice of this hearing, which was held on the 4th day of October, 1943, was given to the parties in interest. Appellant did not appear. At the hearing on the day mentioned, the commissioner fixed the rent for the farm for the year commencing March 1, 1942, at $6 per acre cash, and for the year commencing March 1, 1943, at one-half of the corn produced on the farm and $3.50 per acre cash for that portion of the farm not planted in corn. Some time in the year beginning March 1, 1942, the appellant paid to the commissioner the sum of $150, which the commissioner accepted, and for which appellant was given credit on the rent for that year as fixed by the order of October 4, 1943. By the terms of that order appellant was required to pay the balance of the rent, $570, within thirty days from the date of the order. This order of the commissioner was affirmed by the District Court.

This appeal from the judgment of the District Court presents one issue for our consideration, the validity, in the circumstances stated, of the order fixing the rent for the years beginning March 1, 1942, and March 1, 1943. Appellant contends that the bankruptcy court was without power to increase the rent over the amount provided for the crop year beginning March 1, 1941. Since the evidence upon which the order was made is not before us, the conclusive presumption prevails that the amount of rent fixed in the order was fair and reasonable for the years involved. It would seem to follow that the amount of the 1941 rent would have been less than the fair and reasonable rent for the farm premises during the crop years 1942 and 1943. Reduced to its final terms, appellant's contention is that she is entitled to the possession of the farm during the crop years 1942 and 1943 at less than a fair and reasonable rental, because, as a result of the delay incident to litigation instituted by appellant, the conciliation commissioner did not fix the rent for the years mentioned at the beginning of those years. The statement of appellant's contention is sufficient to answer it. While she remained in possession of the farm during the crop years 1942 and 1943, she knew that the rent for those years had not been fixed by the conciliation commissioner. She was charged with notice of his power and duty to fix the rents at reasonable amounts. Nothing in the proceedings, as shown by the record before us, justified her in the assumption that the rent for the years 1942 and 1943 would remain the same as it was in 1941. Moreover, if the 1941 order had in terms fixed the rent at $400 a year for each of the three years, we think it would have been within the power of the bankruptcy court, no vested rights intervening, to change the terms of its order to fit changing conditions arising in the later years of the debtor's possession. If the court were denied this power, changes in crop conditions and farm prices might result in great hardship to the farmer-debtor, as well as in injustice to creditors, and render the bankruptcy court powerless to carry out the beneficient purpose for which the applicable sections of the Bankruptcy Act were enacted. Paradise Land & Livestock Co. v. Federal Land Bank, 10 Cir., 131 F.2d 950.

The judgment of the District Court is affirmed.