## UNITED STATES v. OWENS.
### In re OWENS.
### No. 4117.

United States Court of Appeals
Tenth Circuit.
Jan. 3, 1951.

Clifford C. Chittim, Asst. U. S. Atty., Boulder, Colo. (Max M. Bulkeley, U. S. Atty., Denver, Colo., Neil Brooks, Associate Sol., U. S. Dept. of Agriculture, Kenneth R. Ellenberger, Atty., U. S. Dept. of Agriculture, Washington, D. C., R. N. Robinson, Atty., U. S. Dept. of Agriculture, and S. E. Paul, Regional Atty., U. S. Dept. of Agriculture, Denver, Colo., on the brief), for appellant.

Merle M. Marshall, Alamosa, Colo., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This appeal arises out of a bankruptcy proceeding under Section 75 of the Bankruptcy Act, Title 11 U.S.C.A. § 203. On September 12, 1945, Benjamin Franklin Owens, a farmer debtor, filed a petition under the aforesaid section seeking to effect a composition or extension of his debts. He listed assets consisting of 160 acres of land and certain personal property in Alamosa County, Colorado, and 320 acres of land in Prowers County, Colorado. The United States was the sole creditor and through the Farm Security Administration, now the Farmers Home Administration of the Department of Agriculture, filed its proof of secured claim in the amount of $13,336.41 and an unsecured claim of $715.90 together with interest. These claims were allowed. The security which the United States had, covered only real and personal property in Alamosa County. The Prowers County land was unencumbered.

The debtor, being unable to obtain a composition or extension proposal acceptable to the United States, on January 25, 1946, filed his amended petition requesting that he be adjudicated a bankrupt. An order of adjudication was entered on the same day and the matter referred to a Conciliation Commissioner. An appraisal was made of all the debtor's property, excluding exemptions, which established the market value as of May 1, 1946, at $11,850 of which $8,350 represented the real and personal property in Alamosa County and $3,500 the value of the real property in Prowers County. The appraisal fixed the redemption value of all the property at $10,500, of which $7,500 represented the property in Alamosa County and $3,000 the property in Prowers County, and ascertained the stabilized or normal value of all the property to be $11,225. These values were approved by the Conciliation Commissioner and an order was entered setting off exemptions, fixing rentals, staying proceedings for a period of three years from the date thereof and authorizing the debtor to remain in possession of all the property for a period of three years from May 31, 1946, the date of the order. The stay order provided that the rental to be paid should be the taxes on the property, the water assessments, the premiums on fire insurance covering buildings and improvements on the property, and interest to the secured creditor of 2½% per annum on the stabilized value of the property. The debtor elected to retain possession of all the property.

On August 3, 1948, the Commissioner fixed the amount necessary to redeem the Alamosa County property, real and personal, at $8,111.25, $386.25 of which was for rental during the years 1946 and 1947 of this property only. The required amount was paid into court and redemption was completed. No rental was paid on the Prowers County land.

On July 21, 1949, the United States filed a petition which it designated "Petition to Fix Rental." It was obviously for the purpose of requiring the payment of rental on the unencumbered Prowers County land and it was so treated by the Commissioner. The Commissioner denied the petition and upon review the United States District Court for the District of Colorado affirmed his action. This appeal followed.

The Commissioner took the view that there being no unsecured creditors there was no necessity or authority to collect rentals on unencumbered property

because the proceeds from unencumbered property could only be applied to the payment of unsecured debts, and that the United States, although a deficiency creditor, was not entitled to recover from the debtor rentals or proceeds of unencumbered property until this deficiency was established. We think this conclusion is erroneous. The debtor retained possession of all the property including that in Prowers County. The fixing of the rental according to the terms of the statute is a condition precedent to the retention of possession of the property by the debtor. Remington on Bankruptcy, Vol. 10, Sec. 4081. It is doubtful if the constitutionality of this portion of the Act could be upheld without this requirement. Home Building and Loan Association v. Blaisdell, 290 U.S. 398, 445, 54 S.Ct. 231, 78 L.Ed. 413; Wright v. Vinton Branch of Mountain Trust Bank of Roanoke, 300 U.S. 440, 468, 57 S.Ct. 556, 81 L.Ed. 736; Paradise Land & Livestock Co. v. Federal Land Bank of Berkeley, 10 Cir., 131 F.2d 950, 952.

 When an order is entered authorizing the debtor to retain possession and use of the property, his status changes from that of an owner to that of a tenant and trustee of property under direct supervision of the court. Wright v. Vinton Branch of Mountain Trust Bank of Roanoke, supra; Beecher v. Federal Land Bank, 9 Cir., 153 F.2d 982, 984. During the stay period, he may retain possession of all or any part of his property "provided he pays a reasonable rental semiannually for that part of the property of which he retains possession." 11 U.S.C.A. 203 sub. s, (2). Paradise Land & Livestock Co. v. Federal Land Bank of Berkeley, 10 Cir., 140 F.2d 102. The statute provides that "the amount and kind of such rental to be the usual customary rental in the community where the property is located, based upon the rental value, net income, and earning capacity of the property." 11 U.S.C.A. 203 sub. s, (2). If the debtor retains possession of the property or any part of it, he must pay rental whether the property is encumbered or unemcumbered or whether the credi-

tors are secured or unsecured. After payment of taxes and upkeep of the property the remainder shall be distributed among the secured and unsecured creditors as their interests may appear. In this case, the United States, being the sole creditor, would be entitled to any remainder.

 The debtor has received substantial net income from the Prowers County property. He has paid no rentals for the same. His right to possession and use is dependent upon the payment of a reasonable rental determined in accordance with the statutory provisions. The order fixing the rentals is subject to modification upon application of the debtor or the creditors if it is unfair or unreasonable to either. Paradise Land & Livestock Co. v. Federal Land Bank of Berkeley, 10 Cir., 131 F.2d 950; Federal Land Bank of Springfield v. Hansen, 2 Cir., 113 F.2d 82.

The order of the District Court is vacated and the proceeding remanded with directions to determine a reasonable rental for the Prowers County property and require the payment of the same into court, and for further proceedings not inconsistent with the views expressed herein.